

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TIMOTHY CRAIG HAITHCOX,<br><br>Plaintiff,<br><br>vs.<br><br>SHERIFF LEO DUTTON, UNDERSHERIFF DAVE RAU, CAP. JASON GRIMMIS, SGT. SCOTT FURGERSEN, COUNTY ATT. LEO GALLAGHER, DEP. COUNTY ATT. MELISSA BROCH, ATTORNEY GENERAL TIM FOX, GOVERNOR STEVE BULLOCK, and LEWIS AND CLARK COUNTY COMMISSIONERS,<br>　　　　　Defendants. | CV 16-00117-H-DLC-JTJ<br><br><br>ORDER |

Plaintiff Timothy Haithcox filed a "Motion for access to Human Rights Bureau investigator and to have video and surveillance of Pod 6 Cell 6-03 and what is able to be seen, and pictures of the positioning of the camera system." (Doc. 9.) The motion is construed as a request for injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

Mr. Haithcox has not complied with the notice provisions of Rule 65 of the Federal Rules of Civil Procedure. A preliminary injunctive may only be issued on notice to the adverse party. Fed.R.Civ.P. 65(a)(1). A temporary restraining order

1

may be granted without written or oral notice to the adverse party or that party's attorney if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney (plaintiff himself in this case, as he proceeds pro se) certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. Fed.R.Civ.P. 65(b). Mr. Haithcox has not satisfied either requirement.

In addition, as a general rule courts are unable to issue orders against individuals who are not parties to a suit pending before it. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969); *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Here, the Court has not obtained personal jurisdiction over any defendant since the case is in the prescreening process mandated by 28 U.S.C. §§ 1915, 1915A and therefore has not yet been served.

Accordingly, IT IS HEREBY ORDERED that the "Motion for access to Human Rights Bureau investigator and to have video and surveillance of Pod 6

2

Cell 6-03 and what is able to be seen, and pictures of the positioning of the camera system." (Doc. 9) is DENIED.

At all times during the pendency of this action, Mr. Haithcox MUST IMMEDIATELY ADVISE the Court of any change of address. A failure to do so may result in the dismissal of the action for failure to prosecute.

DATED this 22nd day of March, 2017.

Dana L. Christensen, Chief Judge
United States District Court