IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION



| | |
|---|---|
| TIMOTHY CRAIG HATIHCOX, | CV 16–117–H–DLC–JTJ |
| Plaintiff, | |
| vs. | ORDER |
| SHERIFF LEO DUTTON, et al., | |
| Defendants. | |

United States Magistrate Judge John T. Johnston entered his Findings and Recommendations on January 10, 2018, recommending Plaintiff Timothy Craig Haithcox's claims be dismissed without further leave to amend and with prejudice for failure to state a claim. (Doc. 17 at 11–12.) On January 22, 2018, Plaintiff filed a "Motion to object and Request for Re-fileing [sic] of Amended Complaint, Motion to Move for Recommendation of Counsil [sic]." (Doc. 18 at 1.) Plaintiff is entitled to de novo review of those findings and recommendation to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d

Page 1 of 4

422, 427 (9th Cir. 2000) (citations omitted). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted).

Judge Johnston concluded, and this Court agrees, that Plaintiff's amended complaint demonstrates an inability to cure the deficiencies iterated in Judge Johnston's June 12, 2017, Order allowing him an opportunity to amend and again fails to state a claim upon which relief may be granted. (Doc. 17 at 10.) Plaintiff objects because he is "legaly [sic] blind" and "need[s] assistance." (Doc. 18 at 1.) Plaintiff then states "that if allowed to," he will "re-file" an "amended petition" that would "show cause for constitutional violations and hold merit in this matter" before requesting the Court appoint counsel to assist him in completing a "proper fileing [sic]." (Doc. 18 at 1.) Plaintiff has failed to properly object to Judge Johnston's Findings and Recommendations. Further, to the extent that Plaintiff's objection requests assistance of appointed counsel in filing an amended complaint and an extension of time in which to do so, his requests are not properly before the Court and are untimely. Plaintiff has already been provided an opportunity to

amend his complaint and an explanation of the deficiencies displayed in his first complaint. (Doc. 12.) Plaintiff's "objection" with its accompanying requests do not address the findings of fact or legal conclusions of Judge Johnston and, consequently, Judge Johnston's Findings and Recommendations are reviewed for clear error.

Reviewing for clear error and finding none,

IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 17) are ADOPTED IN FULL.

1. This matter is DISMISSED for failure to state a federal claim.

2. The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to ensure the docket reflects the Court's certification pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit as the record makes plain that the Complaint lacks arguable substance in law or fact.

4. The Clerk of Court is directed to ensure the docket reflects that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff failed to state a claim upon which relief may be granted.

DATED this 1st day of March, 2018.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court